IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| REGAN BURROUGHS | ) | CASE NO. |
| 926 Ambia Street | ) | |
| Toledo, Ohio 44104 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| DTLR, INC. | ) | |
| 527 East Manhattan Boulevard, Suite 527 | ) | **JURY DEMAND ENDORSED** |
| Toledo, Ohio 43606 | ) | **HEREIN** |
| | ) | |
| **Serve also:** | ) | |
| DTLR, Inc. | ) | |
| c/o Jami Christian, Senior Human | ) | |
| Resource Business Partner | ) | |
| 1300 Mercedes Drive | ) | |
| Hanover, Maryland 21076 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Regan Burroughs, by and through undersigned counsel, as her Complaint against

the Defendant, states and avers the following:

## PARTIES AND VENUE

1. Burroughs is a resident of the city of Toledo, county of Lucas, state of Ohio.

2. DTLR Inc. is a foreign corporation that operates a business located at 527 East Manhattan

   Boulevard, Suite 527, Toledo, Ohio 43606.

3. DTLR was at all times hereinafter mentioned an employer within the meaning of R.C.

   § 4112.01 *et seq.*

4. DTLR was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C.

   2000e-2 *et seq.*

## JURISDICTION & VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Burroughs is alleging a Federal Law Claim under the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 *et seq*.

6. All material events alleged in this Complaint occurred in county of Lucas.

7. This Court has supplemental jurisdiction over Burroughs's state law claims pursuant to 28 U.S.C. § 1367 as Burroughs's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Burroughs filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02771 against Defendant.

10. On or May 13, 2021 the EEOC issued a Notice of Right to Sue letter to Burroughs regarding the Charges of Discrimination brought by Burroughs against Defendant in EEOC Agency Charge No. 532-2020-02771.

11. Burroughs received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

12. Burroughs has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Burroughs has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

14. Burroughs, in filing a charge of discrimination with the EEOC and receiving a Right to Sue letter, has properly exhausted her administrative remedies pursuant to R.C. § 4112.01 *et seq*.

2

## FACTS

15. Burroughs is a former employee of DTLR.

16. Burroughs is female.

17. DTLR hired Burroughs in April 2016.

18. DTLR employed Burroughs as a sales associate.

19. Burroughs did not have any meaningful history of discipline in her four years of employment with DTLR.

20. Burroughs received favorable performance reviews during her four years of employment with DTLR.

21. DTLR's management changed in or about January 2020.

22. Brandon LNU became Burrough's manager in or about January 2020.

23. Brandon LNU is male.

24. Brandon LNU did not participate in the decision to hire Burroughs.

25. In January 2020, Burroughs came down with the flu.

26. When Burroughs came down with the flu in January 2020, Burrough's physician provided her documentation advising her to stay home from work for two to three days.

27. Burroughs advised Brandon LNU that her physician advised her to stay home due to having the flu.

28. When Burroughs returned to work after having the flu, she provided Brandon LNU with her doctor's note stating that she should not go into work for two to three days.

29. Brandon LNU disciplined Burroughs for missing a few days of work due to having the flu.

30. Brandon LNU did not discipline similarly situated male employees who missed a few days of work and provided a doctor's note substantiating the same.

31. Brandon LNU removed Burroughs from the schedule for a few days because she missed a few days due to having the flu.

32. Brandon LNU did not remove male employees from the schedule who missed a few days of work and provided a doctor's note substantiating the same.

33. Brandon LNU treated Burroughs less favorably than similarly situated male employees because of her gender.

34. Burroughs contacted DTLR's human resources department and complained about Brandon LNU's discriminatory treatment.

35. Burroughs complained to DTLR's human resources department that Brandon LNU disciplined her where he had not disciplined male employees.

36. Burroughs complained to DTLR's human resources department that Brandon LNU removed Burroughs from the schedule where Brandon LNU had not done the same to male employees.

37. During all material events asserted herein, Mike LNU was the Regional Manager of DTLR.

38. Burroughs complained to Mike LNU that Brandon LNU disciplined her where he had not disciplined male employees.

39. Burroughs complained to Mike LNU that Brandon LNU removed Burroughs from the schedule where Brandon LNU had not removed male employees from the schedule.

40. DTLR has a policy and practice of fully investigating complaints of gender discrimination.

41. DTLR has a policy and practice of getting statements from all witnesses to discrimination complaints.

42. DTLR has a policy and practice of getting written statements from all witnesses to discrimination complaints.

43. DTLR did not get a written statement from Burroughs regarding her gender discrimination.

44. Upon information and belief, DTLR did not get a statement from Brandon LNU regarding Burrough's complaint of gender discrimination.

45. Upon information and belief, DTLR did not get a written statement from Brandon LNU regarding Burrough's complaint of gender discrimination.

46. Upon information and belief, DTLR did not issue Brandon LNU a verbal warning as a result of Burrough's complaint of gender discrimination.

47. Upon information and belief, DTLR did not issue Brandon LNU a written warning as a result of Burrough's complaint of gender discrimination.

48. Upon information and belief, DTLR did not issue Brandon LNU a suspension as a result of Burrough's complaint of gender discrimination.

49. Upon information and belief, DTLR did not terminate Brandon LNU's employment as a result of Burrough's complaint of gender discrimination.

50. As a result of DTLR's failure to investigate Burrough's gender discrimination complaint, DTLR ratified the gender discrimination that she suffered.

51. As a result of DTRL's failure to take corrective action following Burrough's gender discrimination complaint, DTLR ratified the gender discrimination that she suffered.

52. DTLR put Burroughs back on the schedule after she made gender discrimination complaints to its human resource department and to Mike LNU.

53. Although DTLR returned Burroughs to the schedule, DTLR instructed Burroughs to work fewer hours than she typically worked.

54. DTLR instructed Burroughs to work fewer hours than she usually worked in retaliation for her complaints of gender discrimination.

55. Defendant violated its policy and practice of fully investigating significant workplace incidents regarding Burroughs's Discrimination Complaints.

56. Defendant violated its policy and practice of getting written statements from all participants to significant workplace incidents regarding Burroughs's Discrimination Complaints.

57. Defendant violated its policy and practice of getting written statements from all witnesses to significant workplace incidents regarding Burroughs's Discrimination Complaints.

58. Defendant's failure to follow its policy and practice of fully investigating significant workplace incidents was an adverse action against Burroughs.

59. Defendant's failure to follow its policy and practice of getting written statements from all participants to significant workplace incidents was an adverse action against Burroughs.

60. Defendant's failure to follow its policy and practice of getting written statements from all witnesses to significant workplace incidents was an adverse action against Burroughs.

61. Defendant laid off Burroughs on March 12, 2020.

62. Defendant laid off most of its staff on or about March 12, 2020 as a result of the COVID-19 pandemic.

63. Defendant reopened and brought back its employees on May 12, 2020.

64. Defendant did not bring back Burroughs when it reopened on May 12, 2020.

65. Defendant terminated Burroughs' employment because of her gender.

66. Alternatively, Defendant failed to re-hire Burroughs because of her gender.

67. Defendant terminated Burroughs' employment in retaliation for making a protected complaint.

68. Alternatively, Defendant failed to re-hire Burroughs in retaliation for making a protected complaint.

6

69. Burroughs has suffered and will continue to suffer damages as a result of Defendant's conduct.

### COUNT I: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq*.

70. Burroughs restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. Burroughs is a member of a statutorily protected class based on her gender under 42 U.S.C. 2000e-2 *et seq*.

72. Defendant treated Burroughs differently than other similarly situated employees based on her gender.

73. Defendant discriminated against Burroughs on the basis of her gender throughout her employment with the company.

74. Defendant terminated Burroughs' employment without just cause.

75. Defendant terminated Burroughs' employment based on her gender.

76. Defendant's discrimination against Burroughs based on her gender violates 42 U.S.C. 2000e-2 *et seq.*.

77. Burroughs suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 2000e-2 *et seq*.

78. As a direct and proximate result of Defendant's conduct, Burroughs suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

79. Burroughs restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

80. Burroughs is a member of a statutorily protected class based on her gender under R.C. § 4112.01 *et seq.*

81. Defendant treated Burroughs differently than other similarly situated employees based on her gender.

82. Defendant discriminated against Burroughs on the basis of her gender throughout her employment with the company.

83. Defendant terminated Burroughs' employment without just cause.

84. Defendant terminated Burroughs' employment based on her gender.

85. Defendant's discrimination against Burroughs based on her gender violates R.C. § 4112.01 *et seq.*.

86. Burroughs suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

87. As a direct and proximate result of Defendant's conduct, Burroughs suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III:  RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

88. Burroughs restates each and every prior paragraph of this complaint, as if it were fully restated herein.

89. As a result of the Defendant's discriminatory conduct described above, Burroughs complained about the gender discrimination she was experiencing.

90. Subsequent to Burroughs' reporting of gender discrimination, Defendant failed to conduct an investigation.

91. Subsequent to Burroughs' reporting of gender discrimination, Defendant failed to take corrective action.

92. Subsequent to Burroughs' reporting of gender discrimination, Defendant ratified the discrimination that Burroughs suffered.

93. Subsequent to Burroughs' reporting of gender discrimination, Defendant cut Burroughs' hours.

94. Subsequent to Burroughs' reporting of gender discrimination, Defendant terminated Burroughs' employment.

95. Subsequent to Burroughs' reporting of gender discrimination, Defendant failed to return Burroughs to work.

96. Defendant's actions were retaliatory in nature based on Burroughs' opposition to the unlawful discriminatory conduct.

97. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

98. Burroughs suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

99. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Burroughs, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT IV:  RETALIATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq.*

100. Burroughs restates each and every prior paragraph of this complaint, as if it were fully restated herein.

101. As a result of the Defendant's discriminatory conduct described above, Burroughs complained about the gender discrimination she was experiencing.

102. Subsequent to Burroughs' reporting of gender discrimination, Defendant failed to conduct an investigation.

103. Subsequent to Burroughs' reporting of gender discrimination, Defendant failed to take corrective action.

104. Subsequent to Burroughs' reporting of gender discrimination, Defendant ratified the discrimination that Burroughs suffered.

105. Subsequent to Burroughs' reporting of gender discrimination, Defendant cut Burroughs' hours.

106. Subsequent to Burroughs' reporting of gender discrimination, Defendant terminated Burroughs' employment.

107. Subsequent to Burroughs' reporting of gender discrimination, Defendant failed to return Burroughs to work.

108. Defendant's actions were retaliatory in nature based on Burroughs' opposition to the unlawful discriminatory conduct.

109. Pursuant to 42 U.S.C. 2000e-2 *et seq.*, it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

110. Burroughs suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 2000e-2 *et seq*.

111. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Burroughs, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Burroughs demands from Defendants the following:

(a) Issue an order requiring Defendant to restore Burroughs to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Burroughs for compensatory damages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Burroughs' claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Daniel S. Dubow*

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  brian.spitz@spitzlawfirm.com
            daniel.dubow@spitzlawfirm.com


*Attorneys For Plaintiff*


## JURY DEMAND

Plaintiff Regan Burroughs demands a trial by jury by the maximum number of jurors permitted.


/s/ *Daniel S. Dubow*

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**